FILED

April 2, 2018

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 10:15 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| CAROLE WHITE, | ) | Docket No. 2017-05-0944 |
| EMPLOYEE, | ) | |
| v. | ) | |
| | ) | |
| COMMUNITY CARE OF | ) | State File No. 40374-2017 |
| RUTHERFORD CO., | ) | |
| EMPLOYER, | ) | |
| and | ) | |
| | ) | |
| EASTERN ALLIANCE INS. CO., | ) | Judge Dale Tipps |
| CARRIER. | ) | |

---

## EXPEDITED HEARING ORDER
## DENYING BENEFITS
### *(DECISION ON THE RECORD)*

---

This matter came before the undersigned workers' compensation judge on March 23, 2018, on the Request for Expedited Hearing filed by Carole White. The present focus of this case is whether Ms. White is entitled to medical and temporary disability benefits. The central legal issues are whether Ms. White gave adequate notice of her alleged injury and whether she is likely to prove at a hearing on the merits that she suffered an injury arising primarily out of and in the course and scope of her employment. For the reasons below, the Court holds Ms. White is likely to prevail on the issue of notice but not on the issue of whether she suffered an injury arising primarily out of and in the course and scope of her employment.

## History of Claim

Ms. White alleged in her affidavit that she suffered post-traumatic stress disorder (PTSD) beginning in 2015, which led to a diagnosis of anorexia nervosa in February 2017. She attributes these conditions to a hostile work environment at Community Care. Specifically, Ms. White alleged "bullying, intimidation, and harassment" on the part of her supervisor, Mark King. Ms. White stated in her affidavit that Community Care was

1

aware of her diagnosis of PTSD and anorexia because of her physical appearance and because she told Brenda Young, the director of admissions.

Ms. White filed a Petition for Benefit Determination (PBD) seeking medical treatment and temporary disability benefits. The parties did not resolve the disputed issues through mediation, and the mediating specialist filed a Dispute Certification Notice. Ms. White filed a Request for Expedited Hearing, seeking a decision on the record without an evidentiary hearing. The Court issued a Docketing Notice on March 5, 2018, identifying the documents it received for review and providing the parties an opportunity to file any objections to the admissibility of any of those documents. Community Care filed motions *in limine* seeking exclusion of some of the filed documents. Ms. White failed to file a response within five days, and the Court granted the motions on March 23.

Community Care contended that Ms. White cannot establish that her condition arose out of and in the course of her employment. It also argued that Ms. White's claim is barred because she failed to provide proper notice of an injury.

## Findings of Fact and Conclusions of Law

Ms. White need not prove every element of her claim by a preponderance of the evidence to obtain relief at an expedited hearing. Instead, she must present sufficient evidence that she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2017); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

*Notice*

Tennessee Code Annotated section 50-6-201(a)(1) provides that an injured employee must give written notice of an injury within fifteen days unless it can be shown that the employer had actual knowledge of the accident or that "reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal." Ms. White submitted no proof that she provided written notice of an injury. Likewise, she offered no proof Community Care had actual knowledge of her alleged injury. However, her affidavit states that she gave verbal notice to Brenda Young. This suggests she might have a reasonable excuse for failure to give written notice, especially since Community Care presented no evidence to support its notice defense.

Further, the Court finds it unnecessary to resolve the question of notice because Community Care presented no evidence of any prejudice to its ability to defend this claim. Tennessee Code Annotated section 50-6-201(a)(3) provides that failure to give notice will not bar a claim unless the employer can show it was prejudiced by the lack of notice. In the absence of any evidence on this issue, the Court cannot find Ms. White's

2

alleged failure to report the injury resulted in any prejudice to Community Care, such as a serious impediment to investigating the claim. Therefore, the Court finds that Ms. White appears likely to prevail at a hearing on the merits on the issue of notice.

*Compensability*

The workers' compensation system "does not embrace every stress or strain of daily living or every undesirable experience encountered in the duties of a contract of employment." *Guess v. Sharp Mfg. Co. of Am.*, 114 S.W.3d 480, 485 (Tenn. 2003). Therefore, Tennessee courts apply a two-part test in order to determine whether an injury caused by mental or emotional stimulus is compensable. First, the injury must stem from "an identifiable stressful, work-related event producing a sudden mental stimulus such as fright, shock, or excessive unexpected anxiety." Second, "the event must be extraordinary in comparison to the stress ordinarily experienced by an employee in the same type of duty." *Ireton v. Horizon Mental Health Mgmt., LLC,* No. E2015-00296-SC-R3-WC, 2016 Tenn. LEXIS 3 at *28 (Tenn. Workers' Comp. Panel Jan. 19, 2016).

Ms. White stated that Mr. King bullied, intimidated, and harassed her. However, she provided no specifics. Ms. White submitted no testimony or other evidence of an identifiable stressful, work-related event that produced a sudden mental stimulus. Similarly, she provided no proof as to how her experience compared to that of other employees in the same type of duty. In the absence of such facts, the Court cannot conclude at this time that Ms. White is likely to prevail at a hearing on the merits of her claim.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. White's claim against Community Care and its workers' compensation carrier is denied at this time.

2. This matter is set for a Scheduling Hearing on May 2, 2018, at 9:30 a.m. You must call 615-741-2112 or toll free at 855-874-0473 to participate. Failure to call may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).

**ENTERED this the 2nd day of April, 2018.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

3

# APPENDIX

Exhibits:
1. Affidavit of Carole White
2. June 9, 2016 payroll record
3. First Report of Injury
4. Notice of Denial
5. Wage Statement

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Docketing Notice
5. Employer's Position Statement
6. Employer's Motion in Limine to Exclude Employee's Letter to Mark King
7. Employer's Motion in Limine to Exclude Medical Records
8. Order on Motions in Limine

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 2nd day of April, 2018.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Carole White, Employee | X | | X | 1209 John Hood Drive Rockvale, TN 37153 sdwhite101@gmail.com |
| Nicholas Snider, Employer's Attorney | | | X | nsnider@morganakins.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**